### BRUM WEBB *v.* THE STATE.

1—A recognizance which neither names any offense nor sets forth a state of facts which constitute an offense is defective, and can not sustain an appeal.

2—"Illegal marking" is not an offense known to the law of this State, there being no statement of what was marked.

APPEAL from Fayette. Tried below before the Hon. T. C Barden.

The case brought up by the appellant was a conviction for maliciously marking a cow, without the consent of the owner; but the recognizance given on his appeal from the District Court gave no further description of the offense than "illegal marking."

*E. B. Turner*, Attorney General, for the State, moves to dismiss the appeal.

No brief for the appellant.

LINDSAY, J.—The recognizance in this case is defective, and the court can not entertain the appeal. There is neither the name of an offense recited in the recognizance, nor is there a state of facts set forth in it which constitutes an offense defined by the Criminal Code. The recognizance calls upon the defendant to answer to a charge of "illegal marking," without stating what was marked. "Illegal marking" of the property of another might be done without necessarily committing a penal offense. "Illegal marking" is not the name of any offense known to the penal law. If it were so, to mark another person's goods and chattels of any kind, or character, would subject a party to a penal prosecution, when he might have committed only a trespass. And every trespass is not a penal offense. The appeal is dismissed.

Dismissed.